.Eastern Dist.
February, 1838.

MUSE, SYNDIC,
vs.
SEEBER.

MUSE, SYNDIC, vs. SEEBER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

The syndic may restrain by injunction, the proceedings of creditors against the property of the ceding debtor, even in the hands of third persons, and more especially when these creditors are represented by the syndic, in relation to the property surrendered.

Where the husband assists and joins his wife in an act of mortgage, his property in the thing thus mortgaged, is bound by it.

This case commenced by injunction. George Seeber, one of the defendants, being a mortgage creditor of John Bostwick, obtained an order of seizure and sale, against the mortgaged property, in the hands of M. and E. Boatner, as third possessors. The syndic of Bostwick's creditors interposed, and obtained an injunction to stay the sale until he could procure a judgment in a revocatory action, which he had instituted against the Boatners, to recover back the property for the benefit of the creditors.

The defendant excepted to the petition of injunction, as not issuing in a case authorized by law. 2d. Not necessary to preserve the property. 3d. That the mortgage was given by Susan Bostwick, a married woman, separated in property, but aided and assisted by her husband, and on her own separate property. He prays that the injunction be dissolved with damages.

The defendant then pleaded a general denial, and averred that the mortgage in question was executed the 3d of January, 1831, by Susan Bostwick, assisted and authorized by her husband, on her own separate property, to A. T. Norwood, and E. Boatner, to secure the sum of one thousand four hundred and twenty-one dollars, due by her to them, which mortgage they transferred to this defendant.

Upon these issues and pleadings the case was tried. Seeber was included in the schedule of Bostwick vs. His

Creditors, and placed thereon as a creditor for the amount of his claim. Evidence was produced on the part of the plaintiff, to show the property mortgaged actually belonged to Bostwick, the husband, and was consequently liable to the claims of his creditors.

On the other hand, the judgment of the separation of property obtained by the wife, was introduced to show her right to the property, and that consequently it was liable to her mortgage. The jury returned a verdict for the plaintiff. The defendant prayed for a new trial, on the ground :

1st. That the court misdirected the jury in charging them ; that the judgment of Mrs. Bostwick must be taken for nothing if unaccompanied by evidence of the genuineness of her demand on which it was rendered.

2d. In charging them, that although Bostwick authorized and joined his wife in the mortgage to Norwood and Boatner, yet the act of mortgage would not bind the community property.

3d. The finding of the jury is erroneous, because it merely postpones Seeber's mortgage until the suit of the syndic to recover the property is decided.

A new trial was refused, and from judgment confirming the verdict, but reserving his right to be paid as a mortgaged creditor from the *concurso,* the defendant appealed.

*Andrews* and *Muse,* for the plaintiff.

The injunction in this case should be maintained. The pendency of the suit to annul the transfer and recover the property about to be sold by the defendant, is sufficient ground to maintain it. 4 *Louisiana Reports, 285, 293.*

2. If this sale is permitted to proceed, the action of nullity to recover the property for the creditors, would be completely defeated by the transfer.

3. The judgment of separation, in virtue of which Susan Bostwick claimed to be the owner of this property, was a gross fraud ; and was never executed. It never destroyed the community of acquests and gains.

4. It was void because obtained through fraud and collusion, and was never published or executed.

5. The plaintiff has a right to deny and raise the same objections to the new matter set out in defence, which he could plead were he the defendant. 4 *Louisiana Reports*, 335.

6. All the property purchased by either Bostwick or wife, during marriage, is community property, and liable to the husband's debts.

7. The defendant, Seeber, is one of the creditors of Bostwick, placed on his bilan, and must look to the *concurso* for his remedy and for payment.

*Lawson* and *Preston*, for the defendant.

1. The judge *a quo* erred in refusing to instruct the jury that John Bostwick, by assisting his wife, and joining in the mortgage to Norwood and Boatner, made it his own act, which was binding on all the property of the community, if any such was included in it. He also erred in charging the jury that the mortgage was invalid as respects J. Bostwick. *Louisiana Code*, 1779, 1780 and 2970.

2. The charge of the judge is erroneous, in stating that the judgment of separation of property of Bostwick and wife, which was given in evidence, must be considered null, if unsupported by evidence of the genuineness upon which it was rendered ; that the judgment itself is not evidence of its genuineness.

3. A judgment is at least *primâ facie* evidence against third persons, and cannot be attacked except on the ground of nullity, or fraud and collusion. 1 *Martin*, *N. S.*, 9. 8 *Ibid.*, 403. 1 *Louisiana Reports*, 91, 379. 9 *Ibid*, 246.

4. The case before the court is not a contest between the wife and the husband's creditors for a privilege in satisfying their conflicting demands ; nor a confession of judgment by the husband, or receipt for property in a marriage contract. It is a contract between the mortgagee of the wife, separated in property, and the third possessor holding under a forced alienation, and the creditors of the husband, who has since

become insolvent. In this contest neither fraud, collusion or nullity, is *alleged* against the wife's judgment, under which she acquired the property in contest.

5. In contests between the wife and the husband's creditors, it is in her power to administer proof of her demand in support of the judgment; but in a contest between her mortgagee and vendee under a forced alienation, and the husband's creditors, this becomes impracticable, and she or they should not be required to produce proof.

6. It is a principle well settled by judicial decision, that a *bonâ fide* purchaser is not affected by *fraud in his vendor*, towards those from whom he purchased, if he has a legal title to the thing sold. 8 *Martin, N. S.*, 215.

: If this principle is sound in absolute sales, is it not equally applicable when limited legal rights are created on the same property.

7. The property mortgaged, in this case, did not belong to J. Bostwick at the time, but to his wife, acquired by her in the execution of her judgment of separation, and by purchases made subsequent to the separation. If her judgment and the sale of the property to her were fraudulent, then Bostwick's creditors should have brought direct revocatory actions, to have them avoided. More than a year has elapsed and this action is barred by prescription. 5 *Martin, N. S.*, 364. 5 *Louisiana Reports*, 124. 9 *Ibid.*, 385.

*Bullard, J.*, delivered the opinion of the court.

This case is intimately connected with that of the same plaintiff *vs.* Boatner et al., just decided, and may be regarded rather as an incident thereto.

The defendant, who appears as a creditor of John Bostwick in the *concurso*, for a debt due on mortgage, having taken out an order of seizure against the property in possession of the Boatners, as third possessors, pending the suit of the syndic to annul the transfer of the same property to them, was enjoined at the suit of the syndic, from any further proceedings, until the question of title should be decided. There was a verdict for the plaintiff, and a judgment maintaining

the injunction, but reserving to the defendant, Seeber, his right to pursue his claim after the final decision of the case of the Syndic *vs.* Yarborough et al.; and the defendant has appealed.

The defence set up, was, that the property mortgaged was the separate estate of Mrs. Bostwick, and that John Bostwick never had any right to it, and that the syndic had no right to interfere. The same questions were, therefore, presented and examined, as in the case of the syndic against the purchasers of the property. They were decided in the same way.

The syndic may restrain by injunction, the proceedings of creditors against the property of the ceding debtor, even in the hands of third persons, and more especially when these creditors are represented by the syndic, in relation to the property surrendered.

We are of opinion that the syndic was authorized to resort to an injunction, in order to maintain the property in controversy, in *statu quo*, more especially against the proceedings of one of the creditors of John Bostwick, who was represented by the syndic in relation to the property surrendered.

The right of Seeber to be paid in the *concurso* as a mortgage creditor, has been reserved. As to the validity of the mortgage upon the property of Bostwick, we think that he having joined in the mortgage, his property thus mortgaged is bound, although a different opinion appears to have been intimated by the judge in his charge to the jury. But we do not consider this a sufficient ground to remand the case, because such a question was not fairly presented by the pleadings, and because by the judgment finally rendered, the whole question was left open.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.